IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **MELISHA A. SALISBURY,** | : |
|  | : Case No. 2:19-cv-5277 |
| **Plaintiff,** | : |
|  | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : |
|  | : **Magistrate Judge Kimberly A. Jolson** |
| **COMMISSIONER OF** | : |
| **SOCIAL SECURITY,** | : |
|  | : |
|  | : |
| **Defendant.** | : |

## OPINION & ORDER

This matter comes before the Court on Magistrate Judge Jolson's September 4, 2020 Report and Recommendation, recommending that the Administrative Law Judge's ("ALJ") finding of non-disability be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 12). Defendant filed an Objection to this Report and Recommendation and Plaintiff submitted a Response to Defendant's Objection. (ECF Nos. 13–14). For the following reasons, this Court **ADOPTS** Magistrate Judge Jolson's Report and Recommendation.

### I.   BACKGROUND

On February 22, 2016, Plaintiff Melisha Ann Salisbury filed her application for Disability Insurance Benefits ("DIB"), alleging that she became disabled on October 20, 2015, due to multiple sclerosis (MS), atrial fibrillation, and optic neuritis. (R. at 312, 347). Plaintiff has been treated by Dr. Michael Racke since 2015 for her conditions. (R. at 603, 629, 771). Dr. Racke diagnosed Plaintiff with multiple sclerosis, fatigue, weakness, dizziness, asthma, and depression. (*Id.*). On May 1, 2017, Dr. Racke issued a medical source statement where he opined that Plaintiff would face physical limitations in the workplace, including that she could work 4 hours per day,

1

that she could stand for fifteen minutes at one time and for 2 hours on an 8-hour workday, and that she could lift 5 pounds frequently and 10 pounds occasionally. (R. at 254). Additionally, treating physician Dr. Amjad Rass has treated Plaintiff regularly since 2017. Dr. Rass continued to diagnose and observe Plaintiff for multiple sclerosis, fatigue, depression, asthma, generalized pain, weakness, and dizziness through 2019. (*See, e.g.*, R. at 115, 117, 715, 822). On July 17, 2018, Dr. Rass issued a treating source statement where he opined that Plaintiff faced several physical limitations. (R. at 915–16). These limitations included that she could sit, stand, and walk less than two hours of an eight hour workday, she would need unscheduled breaks every hour for approximately one hour, that she would be off task more than 25% of the workday, and that she would be absent for more than 4 days per month. (*Id.*). Further, Plaintiff was diagnosed with multiple sclerosis and optic neuritis by Dr. Steven Katz, which was also indicated in imagery tests performed by Dr. Aaron Weber. (R. at 581, 592, 620, 648, 902).

Plaintiff's application for disability benefits was denied initially. (R. at 34). On reconsideration, ALJ Karen B. Kostol held a video conference on October 11, 2018. (R. at 32). Plaintiff was present, represented by counsel, and testified as to her disabilities and qualifications for benefits. (R. at 42–55). On December 4, 2018, the ALJ denied Plaintiff's application for benefits. (R. at 8). Plaintiff appealed this denial to the Appeals Council for review. The Council, by an order issued on September 25, 2019, denied the request for review thereby confirming the ALJ's decision as the final determination of the Commissioner. (R. at 1–7). After exhausting all administrative remedies, Plaintiff filed her Complaint in the U.S. District Court for the Southern District of Ohio seeking review. (ECF No. 3). In her Statement of Specific Errors, the Plaintiff asserted the following errors. First, that the ALJ erred in failing to afford the opinions of her treating physicians controlling weight. (ECF No. 10 at 6). Second, that the ALJ's decision was

inconsistent in its evaluation of the consultative examiner. (*Id.* at 10). Third, that these errors are reversible because they have substantially impacted the outcome of her case. (*Id.* at 11). Fourth, that the ALJ erred by failing to incorporate any severe psychiatric impairments in into the RFC. (*Id.* at 13).

On September 4, 2020, Magistrate Judge Jolson recommended the matter be reversed and remanded to the Commissioner and ALJ pursuant to Sentence Four of § 405(g). (ECF No. 12 at 1). Magistrate Jolson held that the ALJ failed to properly analyze both the treating physical rule and the good reasons rule, as required by the Sixth Circuit's two-step analysis. (*Id.* at 9). Because the ALJ failed to perform the controlling weight analysis and provided insufficient basis for affording Dr. Rass's opinion partial weight, Magistrate Jolson recommended the matter be reversed and remanded for a rehearing. (*Id.* at 13).

On September 18, 2020, the Commissioner timely raised specific objections to Magistrate Judge Jolson's Report and Recommendation. (ECF No. 13 at 1). The Commissioner argues that no reversible error was committed by the ALJ. (*Id.*). The Commissioner acknowledges that the ALJ's discussion of Dr. Rass's opinion was "not particularly robust," but insists that remand is not required. (*Id.*). In support of this position, the Commissioner argues that an ALJ is not required to expressly consider each of the 20 C.F.R. § 404.1527(c) factors within their written decision, nor was the ALJ required to discuss each step in its application of the treating physician rule. (*Id.* at 2). The Commissioner further argues that "so long as the Court can clearly understand the weight granted to a treating source opinion and the ALJ articulated good reasons for granting that weight," the decision should be upheld. (*Id.*). Further, the Commissioner alleges that because "Dr. Rass did not provide any explanation for how his extreme assessments could be explained by his unremarkable treatment notes," and that "this inconsistency between treatment notes and medical

3

opinion is exactly what the ALJ was pointing to in her decision," the ALJ properly discounted Dr. Rass's opinion. (*Id.* at 5–6).

On October 02, 2020, Plaintiff submitted a Reply to the Commissioner's Objections to Magistrate Jolson's Report and Recommendation. (ECF No. 14 at 1). In her Reply, Plaintiff argues that the ALJ failed to apply the controlling weight to Dr. Rass's treating source opinions and that the ALJ failed to provide sufficient reasoning for the decision. (ECF No. 13 at 1–3). Plaintiff then requested that this Court reverse the decision of the ALJ and issue "an order requiring payment of benefits to the plaintiff as of the alleged disability onset date." (*Id.* at 4). In the alternative, Plaintiff requested that Magistrate Judge Jolson's Report and Recommendation be affirmed, which would reverse the ALJ's decision and remand the matter for rehearing. (*Id.*).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, a magistrate judge may issue a report and recommendation for any dispositive motion. 28 U.S.C. § 636(b)(1). A party may raise specific objections to a magistrate judge's recommendation, which are then reviewed *de novo* by the district court. 28 U.S.C. § 636(b)(1)(C), *see Thomas v. Arn*, 474 U.S. 140, 152–53 (1985). Under *de novo* review, the district court must "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). The substantial evidence must be "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). After reviewing the evidence on record, the district court may affirm, modify, or reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. 28 U.S.C. § 405(g).

### III.     LAW & ANALYSIS

The Commissioner has asserted that the ALJ's decision denying Plaintiff disability benefits properly discounted the opinion of her treating physician, Dr. Rass, because "there is no requirement that an ALJ expressly consider each of the factors in 20 C.F.R. § 404.1527(c) within his written decision." (ECF No. 13 at 2). The Commissioner asserts that even if the ALJ failed to address each factor, this error was harmless. (*Id.*). Further, the Commissioner argues that Dr. Rass's opinions "did not provide any explanation for how his extreme assessments could be explained by his unremarkable treatment notes." (*Id.* at 2, 5). Nevertheless, this Court finds the Commissioner's arguments unconvincing.

Because Dr. Rass is the Plaintiff's treating physician, the ALJ was required to analyze his opinion under the two-step analysis set forth by the Sixth Circuit. *Allums v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 823, 832 (N.D. Ohio 2013). First, the "treating physician rule" requires the ALJ to give the opinion of the claimant's treating physician controlling weight, so long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in the case record[.]" *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). This rule originates from the plain language of C.F.R. § 404.1527(c), which instructs that a medical opinion from an applicant's treating physician should be given controlling weight, unless the ALJ sets forth why the opinion is inconsistent with other substantial evidence in the record. Second, the "good reasons rule" requires the ALJ to give good reasons for the determination or decision for the weight given to a claimant's treating source's opinion. 20 C.F.R. § 404.1527(d)(2); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). The requirement for an ALJ to give good reasons serves two purposes.  In part, the "good reasons" requirement informs

claimants of the disposition of their cases, "particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Blakley*, 581 F.3d at 407 (quoting *Wilson*, 378 F.3d at 544). This requirement also ensures that the ALJ applies the treating physician rule appropriately in such a way that will permit meaningful appellate review. *Id.*

In support of its arguments, the Commissioner cites to *Tilley v. Commissioner of Social Security*, 394 F. App'x 216 (6th Cir. 2010). In relying on the court's holding in *Tilley*, however, the Commissioner misconstrues the court's decision. In *Tilley*, the Sixth Circuit held that the treating physician's opinion was properly discounted by the ALJ because the ALJ fully described their reasoning for discounting the doctor's opinions. *See* 394 F. App'x at 222. The discussion by the ALJ in *Tilley* included a review of the doctor's notes which were "essentially normal," a finding that the evidence "contained little or no objective findings showing any significant change in Tilley's medical condition since he was released by his surgeon in April 2005," and explanation that Tilley's neurosurgeon was entitled to more weight as a specialist. *Id.* Unlike in *Tilley*, no such similar specific explanation was included in the ALJ's opinion: the ALJ's discussion was a single sentence, devoid of detail. The Commissioner has even acknowledged that "the ALJ's discussion of Dr. Rass's opinion was not particularly robust," and that "her analysis was admittedly brief[.]" (ECF No. 13 at 1, 3).

Instead, the circumstances here are more akin to *Blakley*, where the ALJ failed to give good reasons for giving less than controlling weight to the plaintiff's treating sources and the court remanded the case to the Commissioner for further proceedings. *Blakley*, 581 F.3d at 410. The Sixth Circuit held that an ALJ's good reasons must be supported by the evidence in the record and

6

"must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 406–07. Similar to *Blakley*, the discussion by the ALJ here provided a brief, singular reason for the decision to give partial weight to the treating sources. (R. at 21). The ALJ did not, however, provide any—let alone—sufficient discussion that would allow a reviewing court to determine what exactly the inconsistency relied upon by the ALJ was and where it could be found specifically in the record.

Additionally, the Commissioner's claims of harmless error are unpersuasive. Under limited circumstances a failure to give good reasons may constitute harmless error, such as when a treating source's opinion is so patently deficient or where the Commissioner's decision is consistent with the treating physician. *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 554–55 (6th Cir. 2020). Such circumstances do not apply here. Additionally, when an ALJ fails to follow an agency's procedural rules, this error will not be considered harmless where a court "cannot engage in 'meaningful review' of the ALJ's decision." *Blakley*, 581 F.3d at 409; *see also Hargett*, 964 F.3d at 554–55 (finding meaningful review precluded where "the ALJ's decision does not make clear the specific ways in which the overall medical record is consistent or inconsistent with the various opinions on which the decision relies—or does not rely."). Although this Court has the power to grant Plaintiff's request for benefits, remand is more appropriate at this time because the Commissioner has not provided good reasons for discounting the weight of an opinion by the applicant's treating physician. *Hargett*, 964 F.3d at 554–55. Accordingly, this Court must remand this case for further analysis of the opinions by Plaintiff's treating physicians, including Dr. Rass. On remand, the ALJ shall comprehensively set forth the reasons for the weight assigned to the treating physician's opinion.

## IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** Magistrate Judge Jolson's Report and Recommendation. Thus, Defendant's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED** and Plaintiff's Response to Defendant's Objections is **SUSTAINED**. The Commissioner's finding of non-disability is **REVERSED,** and the case **REMANDED** to the ALJ.

      **IT IS SO ORDERED.**

                                                        **ALGENON L. MARBLEY**
                                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 19, 2021**